UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EARL SMITH,

    Petitioner,

v.

Case No. 1:07-cv-299
Hon. Robert J. Jonker

CINDI CURTIN,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.    Background**

This case involved the rape and robbery of a high school student on February 19, 2004, in Muskegon, Michigan. Petitioner was charged with three crimes arising from the February 19th incident: Count I, unarmed robbery, M.C.L. § 750.530; and Counts II and III, first degree criminal sexual conduct (sometimes referred to as "CSC I"), M.C.L. § 750.520b. Arraign. Trans. at pp. 1-6 (docket no. 11). A supplemental information charged that petitioner had been convicted of three or more felonies, and charged him as a fourth habitual offender, M.C.L. § 769.12. *Id.* at pp. 6-8. On October 11, 2004, petitioner pled no contest to all three counts. Plea Trans at 11-12 (docket no. 13).[1] Petitioner also pled guilty to the charge being a fourth habitual offender. *Id.* at 12.

---

[1]The factual basis for the plea appeared in a police report. Plea Trans. at p. 16; Presentence Investigation Report (PSIR) (docket no. 16). The victim was a high school student walking to school at approximately 6:45 a.m. *See* PSIR. Petitioner threatened to kill the victim, raped him and stole $130.00 that the victim had collected for a school fundraiser. *Id.*

At his sentencing on November 1, 2004, the trial court characterized petitioner's crimes as "very repugnant," and sentenced him within the sentencing guidelines: Count I (18 to 50 years); Count II (life sentence); and Count III (70 to 150 years). Sent. Trans. at 12-13 (docket no. 14).

Petitioner filed a "late application for leave to appeal," raising two issues:

> I.     Did the trial court reversibly err in overruling the defense objection to the scoring of 50 points on OV-7?
>
> II.    Did the trial court violate the U.S. and Michigan Constitutions in sentencing [petitioner] to a prison term of 18-50 years on the habitual offender 4th supplement arising out of the unarmed robbery conviction, to a prison term of life on one of the habitual offender 4th supplements arising out of one of the CSC 1 convictions, and to a prison term of 70-150 years on the second habitual offender 4th supplement arising out of the other CSC 1 conviction?

Late application for leave to appeal (docket no. 15). The Michigan Court of Appeals denied the application. *People v. Calvin Earl Smith*, No. 259962 (Mich. App. Feb. 24, 2005) (docket no. 15). Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Calvin Earl Smith*, No. 128388 (Mich. Sept. 28, 2005) (docket no. 16).

Petitioner filed a motion for relief from judgment pursuant to MCR 6.500 *et seq.*, which the trial court denied on December 14, 2005. *See* Opinion and Order (docket no. 17). The trial court addressed the four issues raised by petitioner:

> I.     [Petitioner] was improperly denied his right to counsel at his circuit court arraignment after a bindover from the 60th District Court.
>
> II.    [A]t his plea-taking proceeding, [petitioner] was not advised of his right to remain silent.
>
> III.   [Petitioner] was improperly convicted of two separate charges of criminal sexual conduct arising out of one transaction.

> IV. [A]ppellate counsel was ineffective for failure to raise these first three issues on appeal.

*Id.*

In his application for leave to appeal the trial court's order, petitioner set forth three issues:

> I. Whether [petitioner] was denied due process of law when he was denied counsel at a critical [stage] of the proceeding namely arraignment where [petitioner] was unable to understand the proceedings?
>
> II. Whether [petitioner] should be allowed to withdraw plea because it was not knowing or voluntary, in violation of the state and federal guarantees of due process of law, where [petitioner] was not advised of his right to remain silent, the right not to have his silence used against him, and the right to have guilt proved beyond a reasonable doubt?
>
> III. Whether [petitioner] has been denied his constitutional right not to be placed in double jeopardy by his conviction of two counts of CSC I based on the same transaction,. US Const Am V, IX?

Application for leave to appeal (docket no. 17).

In a "supplemental brief on appeal/brief in support of motion to remand," petitioner raised three new issues:

> [IV.] [Petitioner] was denied effective assistance of trial counsel, where his attorney failed to investigate or interview any witnesses in this case.
>
> [V.] [Petitioner[ was denied effective assistance of counsel, at trial where counsel, never came to visit [petitioner] to talk about the case and circumstances of the case and had [petitioner] [waive] his right to the jury trial and to plead guilty to all the charges in this case.
>
> [VI.] [Petitioner] received ineffective assistance of counsel on his first appeal where his appeal attorney failed to visit with [petitioner] and failed to investigate the issues and circumstances of this case.

Supplemental brief on appeal (docket no. 17).

The Michigan Court of Appeals denied the delayed application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Calvin Earl Smith*, No. 267774 (Mich. App. Aug. 2, 2006) (docket no. 17). Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the same six issues presented to the Michigan Court of Appeals (i.e., Issues I-VI). Pro per application for leave to appeal (docket no. 18). The Michigan Supreme Court denied the application because petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Calvin Earl Smith*, No. 131999 (Mich. Nov. 29, 2006) (docket no. 18).

Smith filed a petition in this court seeking habeas relief on the following grounds:

I. The trial court reversibly erred in overruling the defense objection to the scoring of 50 points on OV-7.

II. The trial court violated the U.S. and Michigan Constitutions in sentencing the petitioner to a prison term of 18-50 years on the habitual offender 4th supplement arising out of the unarmed robbery conviction, to a prison term of life on one of the habitual offender 4th supplements arising out of one of the CSC 1 convictions, and to a prison term of 70-150 years on the second habitual offender 4th supplement arising out of the other CSC 1 conviction.

III. Petitioner was denied due process of law when he was denied counsel at a critical stage of the proceeding, namely arraignment where petitioner was unable to understand the proceedings.

IV. Petitioner should be allowed to withdraw plea because it was not knowing or voluntary, in violation of the state and federal guarantees of due process of law, where petitioner was not advised of his right to remain silent, the right to not have his silence used against him, and the right to have guilt proved beyond a reasonable doubt.

V. Petitioner has been denied his constitutional right not to be placed in double jeopardy by his conviction of two counts of CSC 1 based on the same transaction. US Const Am V, IX.

4

*See* Petition and Memorandum of Law (docket nos. 1 and 2).[2]

## II. Procedural Default (Issues III, IV and V)

Respondent contends that petitioner's habeas issues III, IV and V are barred from federal habeas review by operation of the procedural default doctrine. The court agrees. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

---

[2] The petition listed four grounds for habeas relief, referring the court to arguments I, II, III and IV of petitioner's supporting "Memorandum of Law." *See* Petition at pp. 6-11. While petitioner raised Issue V in his Memorandum, he did not include this issue in his petition. *See* Memorandum at pp. 23-27. The court does not consider Issue V as properly before the court, because it was not set forth in the petition. Nevertheless, for purposes of this report and recommendation, the court will address Issue V, which was briefed by respondent.

Here, petitioner did not raise habeas claims III, IV and V in his direct appeal. In addition, there is no record that petitioner raised these claims in his motion for relief from judgment under MCR 6.500 *et seq*. *See* Opinion and Order (Dec. 14, 2005) (docket no. 17). Rather, the court's opinion reflects four different grounds for claiming relief from judgment. Petitioner first raised these issues when he sought leave to appeal the trial court's order denying his motion for relief from judgment. Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's application for leave to appeal the trial court's order because he failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The failure to meet the requirements of MCR 6.508(D) is a valid procedural bar for habeas purposes. *See Canty v. Cason*, No. 02-2030, 2003 WL 152322 (6th Cir. Jan. 16, 2003); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). Consequently, a habeas petitioner's claims are procedurally defaulted in those cases in which the Michigan Supreme Court expressly relies on MCR 6.508(D) in denying an application for leave to appeal. *Id.* As the last state court rendering judgment in the case, the Michigan Supreme Court's decision denying petitioner's claims on the basis of the state procedural bar of MCR 6.508(D) prevents habeas review. *See Burroughs*, 282 F.3d at 414; *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

To excuse the procedural default, petitioner must demonstrate the existence of cause for the default and actual prejudice arising from the default. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner does not assert any cause

6

for his failure to prosecute the first appeal in conformity with the applicable appellate court rules. Accordingly, he has failed to demonstrate cause for this procedural default.[3]

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent

---

[3] While petitioner alleged that appellate counsel was ineffective for purposes of showing cause and prejudice under MCR 6.508(D), he did not claim ineffective assistance of appellate counsel as cause for the procedural default in this habeas action.

7

of the crimes for which he was convicted.[4] Thus, petitioner's procedural default precludes review of his habeas claims raised in Issues III, IV and V.

### III. Petitioner's remaining habeas claims (Issues I and II)

#### A. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Petitioner has met the exhaustion requirement with respect to Issues I and II.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

---

[4] Furthermore, the court notes that petitioner pled no contest to the charges of unarmed robbery and first degree criminal sexual conduct. By virtue of this plea, petitioner has foreclosed a claim of actual innocence. As the Supreme Court explained in *Lott v. United States*, 367 U.S. 421 (1961):

> Although it is said that a plea of *nolo contendere* means literally I do not contest it, and is a mere statement of unwillingness to contest and no more, it does admit every essential element of the offense (that is) well pleaded in the charge. Hence, it is tantamount to an admission of guilt for the purposes of the case, and nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record.

*Lott*, 367 U.S. at 426 (citations and quotation marks omitted).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

**B.     Discussion**

**1.     Scoring of state sentencing guidelines (Issue I)**

At sentencing, defense counsel objected to the trial court's calculation of the sentencing guidelines, specifically the 50 points scored for aggravated physical abuse under OV-7,

9

which includes torture, terrorism, brutality and sadism. Sent. Trans. at 4-5. The prosecutor pointed out that the young victim in this case was "brutally raped, sending him to the hospital with three lacerations in his anus." *Id.* at 5. The trial court agreed with the prosecutor that OV-7 applied, noting that the PSIR indicated that petitioner threatened to kill the victim while the acts were being perpetrated. *Id.* Petitioner contends that this error violated his Sixth Amendment rights, because he did not admit to treating the victim with sadism, torture, or excessive brutality, and no jury found these aggravating factors present.

Petitioner's claim does not raise a federal constitutional issue cognizable under § 2254. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The state's computation of petitioner's prison term involved a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003) (citing *Estelle*, 502 U.S. at 68); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin*, 213 F.3d at 301, *quoting Williams v. New York*, 337 U.S. 241, 245 (1949). *See generally, Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) ("[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice") (internal citation omitted). In this case, all of petitioner's sentences fell within the statutory limits. *See* M.C.L. § 750.530 (imprisonment for not more than 15 years for unarmed robbery); M.C.L. § 750.520b (imprisonment for life or any term of years for first degree criminal sexual conduct); M.C.L. § 769.12 (imprisonment for life or for a lesser term for being fourth habitual offender, "[i]f the

10

subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life"). Accordingly, petitioner is not entitled to federal habeas relief on this state law claim.

Petitioner also claims that his sentence is invalid because the judge enhanced petitioner's sentence based upon his own finding rather than an admission by petitioner or a jury determination in violation of *Blakely v. Washington*, 542 U.S. 965 (2004). Petitioner's contention is without merit. *Blakely* involved the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the State of Washington's mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court held that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely*, 542 U.S. at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

*Blakely*, however, is inapplicable in this case. Petitioner's sentences of 18 to 50 years, 70 to 150 years, and life imprisonment were within the maximum possible sentences imposed by applicable statutes. *See* M.C.L. §§ 750.520b, 750.530 and 769.12. Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan*, 475 Mich. 140, 160, 715 N.W.2d 778 (2006) (*citing* M.C.L. § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (*citing* M.C.L. § 769.34(2)). Therefore, under Michigan law, the

11

trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan*, 475 Mich. at 160. Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not violate *Blakely*. *See Blakely*, 542 U.S. at 304-05, 308-09; *Tironi v. Birkett*, 252 Fed.Appx. 724, 725 (6th Cir. 2007) (*Blakely* does not apply to Michigan's indeterminate sentencing scheme); *Brown v. Jones,* 5:05-cv-166, 2009 WL 559869 at *15 (W.D. Mich. March 4, 2009); *Lipsey v. Bell*, 1:08-cv-60, 2008 WL 1836953 at *4 (W.D. Mich. April 22, 2008) (listing cases). Indeed, this court has specifically held that *Blakely* is inapplicable to a Michigan state court's assignment of points under OV-7 of the sentencing guidelines. *See McDaniel v. McKee*, No. 1:06-cv-125, 2009 WL 1637003 at *16 (W.D. Mich. June 11, 2009). Accordingly, petitioner's claims raised in Issue I are not cognizable on federal habeas review.

### 2. Application of fourth habitual offender enhancement (Issue II)

Petitioner contends that his sentences of 18 to 50 years, 70 to 150 years, and life imprisonment are disproportionate to the offenses committed.

#### a. State sentencing issues

Petitioner states that in issuing these sentences, the trial court committed a number of errors under state law: the court incorrectly scored 50 points under OV-7; the court did not consider his strong family support; the court failed to state how it reached the maximum sentences; and the court failed to assess petitioner's mental condition under state law to determine if he met the test for legal insanity and his history of substance abuse. All of these claims involve the trial court's alleged errors in computing petitioner's sentence under state law, matters not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 68; *Kipen*, 65 Fed. Appx. at 959; *Austin,* 213 F.3d at 300.

### b. Proportionality of petitioner's sentence

Petitioner contends that his sentence is not proportional to the crime. Petitioner's contention is without merit. After considering the police report and PSIR (which detailed how petitioner, a parolee, intercepted the 16-year-old victim as he walked to school and then sodomized, robbed and threatened to kill the young man), the trial judge summarized petitioner's acts as "[v]ery repugnant crimes." Sent. Trans. at 12. The victim's mother stated that the rape occurred only a block from the school and profoundly affected the victim, both in terms of "horrifying memories" and living "in fear of AIDS and HIV for the rest of his life." *Id.* at 10. Petitioner's extensive criminal history included three previous felony convictions. Plea Trans. at 16-17. Given this background, the trial court sentenced petitioner to the maximum sentences allowed under Michigan law of 50 years, 150 years and life imprisonment. While these are harsh sentences, petitioner cannot challenge the proportionality of these sentences in a federal habeas action. "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Because none of petitioner's sentences involved a death penalty or life in prison without possibility of parole, he is not entitled to federal habeas relief on this claim. *Id.* Accordingly, this claim should be denied as not cognizable on federal habeas review.

### c. *Blakely* and petitioner's status as a fourth habitual offender

Finally, petitioner's claim that the sentence enhancement for being a fourth habitual offender and the scoring of his guidelines violated the Supreme Court's decision in *Blakely* is without merit. As previously discussed, *Blakely* is inapplicable to sentences issued under Michigan's indeterminate sentencing scheme. *See* discussion in § III.B.1., *supra*.

Even if *Blakely* applied to Michigan's sentencing scheme, the trial court could properly enhance petitioner's sentence based upon his prior convictions. The court addressed this issue in *Bruley v. Curley*, No. 2:09-cv-11, 2009 WL 596528 (W.D. Mich. March 6, 2009):

> In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In the subsequent case of *Blakely v. Washington*, the Court applied the rule of *Apprendi* to a state sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *Blakely*, 542 U.S. at 303. The *Blakely* Court, however, confirmed that prior convictions are an exception to its holding. *Id.* at 301; *see also Jones v. United States*, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (explaining that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that recidivism does not qualify as an element of the crime to be proven beyond a reasonable doubt although it may be employed as a means to enhance a defendant's maximum penalty); *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) ("[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.")
>
> \* \* \*
>
> Even if *Blakely* did generally apply to Michigan's sentencing scheme, Petitioner's sentence was enhanced because of his three prior felony convictions, which is a fact that need not be found by a jury. The trial court's use of Petitioner's prior convictions to enhance his sentence was neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Rather, it was entirely consistent with the holdings of *Apprendi* and *Blakely*. Thus, Petitioner has failed to raise a meritorious federal claim that would entitle him to habeas corpus relief.

*Bruley*, 2009 WL 596528 at *2-3.

Thus, petitioner's claims raised in Issue II are not cognizable on federal habeas review.

14

## IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: December 22, 2009					/s/ Hugh W. Brenneman, Jr.
							HUGH W. BRENNEMAN, JR.
							United States Magistrate Judge



ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).