UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EARL SMITH,

        Petitioner,

                                CASE NO. 1:07-CV-299

v.

                                HON. ROBERT J. JONKER

CINDI CURTIN,

        Respondent.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 21) and Petitioner's objection to it (docket # 26). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Petitioner Calvin Smith's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied.

**Background**

This case involved the rape and robbery of a high school student in Muskegon, Michigan. Petitioner Calvin Smith pleaded no contest to one count of unarmed robbery under Mich. Comp. Laws 750.530 and two counts of first degree criminal sexual conduct ("CSC I") under Mich. Comp. Laws 750.520b. He also pleaded guilty to a supplemental charge of being a fourth habitual offender under Mich. Comp. Laws 769.12. At sentencing, the judge characterized Mr. Smith's crimes as "very repugnant" and sentenced him within the guidelines: on Count I, 18 to 50 years' imprisonment; on Count II, life sentence; on Count III, 70 to 150 years' imprisonment.

Mr. Smith filed a "late application for leave to appeal" in the Michigan Court of Appeals and raised two issues: (1) whether the trial court reversibly erred in overruling the defense objection to the scoring of 50 points on OV-7, and (2) whether his sentence violated the Constitution and Michigan Constitution because it included enhancements for a second habitual offender 4th supplement on the basis of Mr. Smith's other CSC I conviction. The Michigan Court of Appeals denied the application. Mr. Smith raised the same issues in an application for leave to appeal to the Michigan Supreme Court, which denied him leave.

Mr. Smith then filed in the trial court a motion for relief from judgment, which the court denied. From that denial, he appealed three issues that he had raised in his motion for relief from judgment: (1) whether he was denied due process of law when he lacked counsel at the arraignment; (2) whether he should be allowed to withdraw the plea because it was not knowing and voluntary because he was not advised of his right to remain silent, his right not to have that silence used against him, and his right to have guilt proved beyond a reasonable doubt; and (3) whether he was denied his constitutional right not to be placed in double jeopardy by his conviction of two counts of CSC

I arising from one incident. He also filed a supplemental brief on appeal raising three new issues. The Michigan Court of Appeals denied his delayed application for leave to appeal for failure to meet the burden under Michigan Court Rule 6.508(D). The Michigan Supreme Court denied his application for leave to appeal on the same ground.

Mr. Smith then filed a habeas motion in this Court under 28 U.S.C. § 2254. He raised five issues, the two he raised on appeal from his original conviction and sentence and the three he raised on appeal from the denial of his motion for relief from judgment: (1) whether the trial court reversibly err in overruling the defense objection to the scoring of 50 points on OV-7; (2) whether his sentence violated the Constitution and Michigan Constitution because it included enhancements for a second habitual offender 4th supplement on the basis of Mr. Smith's other CSC I conviction; (3) whether he was denied due process of law when he lacked counsel at the arraignment; (4) whether he should be allowed to withdraw the plea because it was not knowing and voluntary because he was not advised of his right to remain silent, his right not to have that silence used against him, and his right to have guilt proved beyond a reasonable doubt; and (5) whether he was denied his constitutional right not to be placed in double jeopardy by his conviction of two counts of CSC I arising from one incident.

## Discussion

Mr. Smith seeks relief under section 2254, which provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before a petitioner may seek federal relief under section 2254, however, he must exhaust his claims by fairly presenting them to all available state

courts. *See* 28 U.S.C. § 2254(b)(1)(A). Where the state court has adjudicated the petitioner's claims on the merits, the federal court's section 2254 review is limited by the Antiterrorism and Effective Death Penalty Act of 1996. AEDPA prevents federal courts from retrying state cases and "ensure[s] that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Under AEDPA, an application for writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Instead, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. Additionally, AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Report and Recommendation recommends that Mr. Smith's section 2254 petition be denied without an evidentiary hearing. It concludes that Mr. Smith's third, fourth, and fifth issues were procedurally defaulted on an independent and adequate state ground because he failed to raise them on direct appeal. The Magistrate Judge concludes that the default precludes federal habeas

review of these three issues because Mr. Smith has failed to show (1) cause and prejudice, and (2) that the denial of federal habeas review will result in a fundamental miscarriage of justice. It further concludes that his first and second issues do not raise any federal constitutional issue that is cognizable under section 2254. Mr. Smith raises several objections to the Report and Recommendation, none of which undermine its reasoning.

Mr. Smith first objects that he fairly presented issues three, four, and five to the state courts, and accordingly he did not procedurally default them on habeas review. This contention is without merit. Although Mr. Smith did raise these issues on appeal from the denial of his motion for relief from judgment, he did not raise them on direct appeal. The Michigan Court of Appeals concluded that they were procedurally defaulted on state-law grounds. The Magistrate Judge properly concluded that Mr. Smith's procedural default bars habeas review in this case. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002). The Magistrate Judge also properly concluded that Mr. Smith has shown neither good cause and prejudice for his default nor that denying him federal habeas review will result in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Smith's procedural default therefore bars federal habeas review of these three issues.

Mr. Smith also objects that his contentions on issues one and two, regarding his sentencing, are cognizable on federal habeas review. He asserts that he may not have specified the provision of the Constitution that renders them federal issues, but they are federal issues nonetheless. This contention, too, is without merit. As discussed in the Report and Recommendation, Mr. Smith's contentions are fundamentally that the state misapplied state law, which generally is not cognizable

5

on federal habeas review. *See Kipen v. Renico*, No. 02-1742, 65 Fed. App'x 958, 959 (6th Cir. May 14, 2003) (unpublished opinion). The sentences were within Michigan's statutory limits. The Magistrate Judge properly concluded that Mr. Smith's sentences, the scoring and computations that went into them, and the application of habitual offender enhancement to them did not violate the Constitution or the laws of the United States. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *See Tironi v. Birkett*, No. 06-1557, 252 Fed. App'x 724, 725 (6th Cir. Oct. 26, 2007) (unpublished opinion); *Bruley v. Curley*, No. 2:09-cv-11, 2009 WL 596528, *2-3 (W.D. Mich. Mar. 6, 2009). Accordingly, Mr. Smith is not entitled to federal habeas relief on these issues.

**Certificate of Appealability**

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not debate the outcome of Petitioner's claim; the issues he raises were either procedurally defaulted or

6

are not cognizable on federal habeas review. Petitioner therefore should not be allowed to proceed further. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed on December 22, 2009, is approved and adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus under section 2254 is **DENIED.**

2. A certificate of appealability is **DENIED**.


        /s/ Robert J. Jonker
        ROBERT J. JONKER
        UNITED STATES DISTRICT JUDGE

Dated: March 16, 2010